IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA S. CHANDLER and
PAUL CHANDLER,

      Plaintiffs,

                                   CASE NO.: _____

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter "HARTFORD"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, styled *Theresa S. Chandler and Paul Chandler vs. Hartford Insurance Company of the Midwest*, Case No. 21-000855-CI, where Plaintiffs filed suit against HARTFORD, and further states:

## TIMELY NOTICE OF REMOVAL

On February 19, 2021, Plaintiffs filed a Complaint against HARTFORD in the Sixth Judicial Circuit in and for Pinellas County, Florida.[1]  On February 26,

---

[1] Plaintiffs' Complaint, as well as all documents and pleadings filed in the State Court action are collectively attached hereto as **Exhibit "1."**

2021, HARTFORD was served with a Summons and copy of the Complaint in connection with the state action. Plaintiff's Complaint asserts that HARTFORD breached the insurance contract issued to Plaintiffs; however, the Complaint failed to allege the amount in controversy.

On January 19, 2022, counsel for Plaintiffs provided a demand in excess of the jurisdictional requirement.[2] The $117,287.37 estimate in support of Plaintiffs demand was provided to HARTFORD for the first time on January 19, 2022. Pursuant to 28 U.S.C. § 1446(b), HARTFORD timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of HARTFORD's receipt through service of an "other paper" by which HARTFORD could ascertain that the case is removable.

## VENUE

Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division because the state court action originated in Pinellas County, Florida.

## JURISDICTION

This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds

---

[2] Plaintiffs' January 19, 2022, global demand, and estimate in support thereof, are collectively attached hereto as **Exhibit "2."**

$75,000.00, exclusive of interest and costs. Accordingly, HARTFORD is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center'"). Here, HARTFORD is, and was at the time Plaintiffs' Complaint was filed in Florida state court, a corporation organized under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut. Accordingly, HARTFORD is a citizen of Indiana and Connecticut for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). Here, Plaintiff Theresa S. Chandler, is the owner of residential property located in Pinellas County, Florida; Plaintiff is in possession of a driver's license and motor vehicle registration issued by the State of Florida; and Plaintiff has

records of utilities associated with the Florida property.[3]

Additionally, Plaintiff Paul Chandler, is the owner of residential property located in Pinellas County, Florida; Plaintiff is in possession of a driver's license issued by the State of Florida; and Plaintiff is in possession of a motor vehicle registration issued by the State of Florida.[4]

Accordingly, Plaintiffs are Florida citizens for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1), and their citizenship is completely diverse from that of HARTFORD.

## THE AMOUNT IN CONTROVERSY *NOW* EXCEEDS $75,000.00

Plaintiffs' Complaint asserts a cause of action for a breach of contract, alleging that HARTFORD failed to indemnify Plaintiffs under the insurance policy for a loss to the subject property. Plaintiffs assert that they have suffered damages as a result of the loss, along with attorney's fees and costs.

Plaintiffs' Complaint does not state the specific amount of damages sought and the amount is not facially apparent from the complaint. Thus, the criterion for timely removing this case is analyzed within the Eleventh Circuit's decision in

---

[3] The aforementioned documents evidencing Plaintiff Theresa S. Chandler's domicile as Florida are attached hereto as **Exhibit "3."**
[4] The aforementioned documents evidencing Plaintiff Paul Chandler's domicile as Florida are attached hereto as **Exhibit "4."** Moreover, the Quit Claim Deed executed on May 11, 2021, granting the Plaintiffs a life estate in the subject property lists a Melissa Durrance as the vested remainder beneficiary in the property. Melissa Durrance is also a citizen of Florida. The documentation evidencing her domicile is attached hereto as **Exhibit "5."**

4

*Lowery v. Alabama Power Co.* 483 F.3d 1184, 1212-13 (11th Cir. 2007).  For

cases that later become removable on the basis of "a copy of an amended pleading,

motion, order or *other paper*," 28 U.S.C. § 1446(b)(3) is applicable.  *Id.*  The

Eleventh Circuit explained what can constitute an "other paper":

> In the second category of cases, the statute requires that jurisdiction be
> established by "an amended pleading, motion, order, or other paper."
> § 1446(b).  The first three items on this list are self-explanatory.
> What constitutes "other paper," however, has been developed
> judicially.  Courts have not articulated a single test for identifying
> "other paper," but numerous types of documents have been held to
> qualify.  They include: responses to request for admissions [citation
> omitted], settlement offers, *Addo*, 230 F.3d at 761-62; interrogatory
> responses [citation omitted], deposition testimony [citation omitted],
> demand letters [citation omitted], and email estimating damages
> [citation omitted].

*Id.* at 1212, n. 62.

HARTFORD bears the burden of establishing jurisdictional amount by a

preponderance of the evidence.  *See Id.* at 1209-11.  As a general rule, attorney

fees do not count towards the amount in controversy required for diversity

jurisdiction, unless they are allowed for by statute or contract.  28 U.S.C.A. § 1332.

*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003);

*Oliva v. Geovera Specialty Ins. Co.*, No. 19-CV-23625, 2019 WL 4183582, at *1

(S.D. Fla. Sept. 4, 2019) (Requiring that a Defendant provide evidence to establish

the amount of fees Plaintiff has accrued as of the time of the removal).

Here, Plaintiffs pled for attorney's fees pursuant to Section 627.428, Fla.

Stat., thus it is permissible for the Court to consider this amount when determining the amount in controversy.[5]  On January 19, 2022, counsel for Plaintiffs made a global demand for $150,000.00, inclusive of fees and costs based on the $117,287.37 estimate in support thereof.[6]  HARTFORD determined that the undisputed RCV damages of the loss are $11,303.75. The applicable deductible is $500.00. Based on the evidence shown in HARTFORD's Notice of Removal, the amount in controversy exceeds $75,000.00.

## COMPLIANCE WITH 28 U.S.C. § 1446

Pursuant to 28 U.S.C. § 1446(d), HARTFORD provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.  Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[7]

**WHEREFORE**, HARTFORD INSURANCE COMPANY OF THE MIDWEST requests that this Court exercise jurisdiction over this matter.

---

[5] *See* **Exhibit "1,"** Plaintiffs' Complaint at ¶¶ 12, 13, and page 3 (Wherefore clause).
[6] *See* **Exhibit "2."**
[7] *See* **Exhibit "1."**

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Sarah R. Burke, Esq.
_____
**SARAH R. BURKE, ESQ.**
Florida Bar No.:  59701
sburke@butler.legal
**AARON M. FORTIER, ESQ.**
Florida Bar No.:  1010478
afortier@butler.legal
Secondary:    bryan@butler.legal
                    mmartinez@butler.legal
                    jpost@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant,*
*Hartford Insurance Company of the Midwest*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been furnished to:

> WILLIAMS LAW, P.A.
> Kyle B. Staggs, Esq.
> kyle@williamspa.com
> courtdocs@williamspa.com
> 1715 West Cleveland Street
> Tampa, FL 33606
> *Counsel for Plaintiffs,*
> *Theresa S. Chandler and Paul Chandler*

by CM/ECF on February 8, 2022.

/s/ Sarah R. Burke, Esq.
**SARAH R. BURKE, ESQ.**